Fox River Paper Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 96961.   Promulgated July 11, 1941.

*Edward J. Dempsey, Esq.,* for the petitioner.
*D. A. Taylor, Esq.,* for the respondent.

## OPINION.

Tyson: The issue presented on the facts in the instant proceeding is whether or not the petitioner is entitled to the claimed credit under the provisions of section 26 (c) (2) of the Revenue Act of 1936, set out in the margin.[1]  It is clear that the trust mortgage executed by petitioner on October 1, 1931, constituted a written contract executed by the petitioner corporation prior to May 1, 1936, expressly dealing with the disposition of petitioner's earnings and profits relative to a debt incurred prior to May 1, 1936.  Our question is whether under the provisions of that contract the portion of petitioner's *earnings and profits of the taxable year 1936*, here involved, is *required* to be

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

\* \* \* \* \* \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.— \* \* \*

(2) DISPOSITION OF PROFITS OF TAXABLE YEAR.—An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside. For the purposes of this paragraph, a requirement to pay or set aside an amount equal to a percentage of earnings and profits shall be considered a requirement to pay or set aside such percentage of earnings and profits. As used in this paragraph, the word "debt" does not include a debt incurred after April 30, 1936.

*paid* or irrevocably set aside, *within the taxable year*, in or for the discharge of its bonded indebtedness.

Respondent contends that under the provisions of the mortgage the petitioner could have satisfied the sinking fund requirement for the taxable year 1936 by tendering to the trustee, in lieu of cash, an equivalent amount of its bonds purchased, owned, and held by it; and that, therefore, petitioner was not required under the provisions of the mortgage to pay, out of its earnings for the taxable year 1936, the sinking fund payment of $25,000 which it made during that year and for which it claims a credit. We sustain the contention of respondent.

The credit allowed under section 26 (c) (2), *supra*, pertinent to the question presented is: "An amount equal to the portion of the earnings and profits of the taxable year which is required * * * to be paid * * *, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside."

Under the provision of the mortgage here involved giving petitioner the "right" to tender to the trustee any of its series A bonds purchased by it and held in its treasury in "satisfaction of any payment" required by that instrument to be made to the sinking fund, it seems clear that the petitioner was not required under its contract to pay, or irrevocably set aside, either during or as of the taxable year 1936, any portion of its 1936 net earnings and profits. When in December 1936 petitioner made its anticipatory cash payment of $25,000 to the sinking fund for the year 1936 it then held in its treasury its purchased bonds far in excess of $25,000 and far in excess of 25 percent of its net earnings for 1936, which bonds were obviously purchased with funds other than from its 1936 earnings. Under the contract petitioner had the privilege of tendering to the trustee for the sinking fund, in lieu of the cash payment of 25 percent of its earnings for 1936, an equivalent amount of bonds; and this regardless of whether or not such bonds were purchased with net earnings of the taxable year 1936. Having that privilege and having in its treasury more than a sufficient amount of bonds, purchased with other than 1936 earnings, to meet the required sinking fund payment for the taxable year 1936, petitioner could have availed itself of such privilege by tendering $25,000 of such bonds to the trustee in lieu of the $25,000 cash payment. By reason of this privilege and petitioner's ability to exercise it, no part of 1936 net earnings was *required* to be paid under the provisions of the mortgage. Instead, petitioner was free to pay out such earnings as dividends so far as any restriction in the contract is concerned. "The general purpose of section 26 (c) (2), * * * is to give a credit where a dividend paid credit can not be secured. In other words, the

basic intent of Congress seems to have been to include in the provision only contracts which invariably require in their performance a drawing on current earnings, thus removing current earnings as a source of dividend payments." *G. B. R. Oil Corporation*, 40 B. T. A. 738, 744.

The instant case is distinguished on its facts from *Michigan Silica Co.*, 41 B. T. A. 511 (on appeal to the Sixth Circuit). In that case the taxpayer was required absolutely to first pay in cash a percentage of its earnings into the sinking fund within the meaning of section 26 (c) (2), *supra*, but thereafter it had the option of purchasing its bonds on the open market and, upon delivery thereof to the trustee for cancellation, of receiving payment from the sinking fund in redemption thereof. Such option placed the taxpayer in the position of an ordinary bondholder, except for certain specified limitations, to have bonds owned by it redeemed from the sinking fund which it had already created by its payments of cash required by its contract. The taxpayer's option in the cited case is materially different from the right which petitioner in the instant proceeding had under its contract, namely, to tender its treasury bonds in satisfaction of any required payments due the sinking fund and in lieu of payments in cash out of the taxable year's earnings.

We hold that petitioner is not entitled to the claimed credit under section 26 (c) (2), *supra*.

Reviewed by the Board.

*Decision will be entered for the respondent.*